# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY, | ) |
| Plaintiff, | ) |
| v. | ) No.: 19-1204-MMM |
| JOSEPH JENNINGS, et al., | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files an action under 42 U.S.C. § 1983 alleging Eighth Amendment and Equal Protection violations at the Pontiac Correctional Center ("Pontiac"). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff brings an actions against 24 individual Defendants alleging a variety of claims including failure to protect, retaliation, interference with his mail, conspiracy, lack of yard time, the receipt of a "tainted" meal, violations of Equal Protection and negligence. The Court notes the Plaintiff has disclosed filing 23 other lawsuits in federal court as well as related claims in state court. Plaintiff has accumulated more than three strikes and may not proceed in forma pauperis ("IFP"), without payment of the filing fee, unless he establishes that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The imminent danger exception is construed narrowly as "an escape hatch for genuine emergencies," where "time is pressing" and "a threat ...is real and proximate." *Heimermann v Litxcher,* 337 F3d 781 (7th Cir. 2003) *citing Lewis v.Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002). The threatened harm must be occurring "at the time the complaint is filed." *Ciarpagini v. Saini,* 352 F3d 328, 330 (7th Cir. 2003). In addition, the danger must involve "serious physical injury." 28 U.S.C. § 1915(g). A court should deny a 3-strike plaintiff leave to proceed *in forma pauperis* "when prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpagini,* 352 F3d at 330.

Furthermore, if a plaintiff adequately pleads imminent danger as to one claim, he may not "piggyback" onto that, other claims in which there is no imminent danger of serious physical injury. *Bennett v Moore*, 2009 WL 1871856 at 2 (S.D. Ill. June 26, 2009); *see also Godwin v. Tidquist*, 2010 WL 4941616 (W.D.Wis. November 30, 2010) (plaintiff only allowed to proceed with claim which meets imminent danger exception); *Peterson v. Thatcher*, 2009 WL 2341978 at 3(N.D.Ind.,July 27, 2009) (§ 1915(g) mandates the court deny the plaintiff leave to proceed *in forma pauperis* on those claims for which he is not in imminent danger).

The allegations of Plaintiff's complaint are vague, scattershot and often refer to Defendants in the collective so it is impossible to determine which of the 24 Defendants he holds responsible for any particular action. Here, however, the Court need only concern itself with those claims which might reasonably be interpreted as alleging imminent danger of serious physical injury. It appears that the relevant claims are limited to Plaintiff's allegations of failure to protect and being served tainted food.

Plaintiff's claim of failure to protect begins with the alleged actions of Officer Kimberly Eskins. On an unidentified date, Plaintiff sent Defendant Eskins a "kite" or letter, informing her

that inmates were planning to assault her. He also recommended that she "watch her sexual misconduct" as she allegedly liked to watch inmates masturbate and was jealous when she saw Plaintiff being escorted by other female personnel. Plaintiff discloses that the kite "contained other inappropriate things as well."

On April 22, 2019, Officer Barry of internal affairs questioned Plaintiff about the kite. Plaintiff initially spoke with Defendant Barry but thereafter ended the interview claiming, without explanation, that the contents of the kite could put his life in danger. Defendant Eskins was thereafter placed on leave and an investigation was undertaken. When Defendant returned to work, she allegedly told inmate Fields that Plaintiff was a snitch as he had told her the names of the inmates who planned to attack her. When inmate Fields returned to the South Mental Health Unit, he loudly announced that Plaintiff was a snitch.

Plaintiff also claims that Defendants Quinn, Wright, Holocher, Green, Miller and Meister repeatedly told inmates he was a snitch and that they "repeatedly" heard inmates threatening Plaintiff. Plaintiff does not claim to have been present during these exchanges and does not explain how he knows this to be the case. Nevertheless, he claims that after these events various gang members thereafter threatened to stab him; throw feces, blood and urine on him; to head-butt him; and to spit on him.

Plaintiff also alleges that on May 3, 2019 and June 1, 2019, Defendants Green Holocher, Henson, Wright and others shook down his cell. Plaintiff pleads that they did this to make sure that he "had no weapons on him. " Plaintiff asserts that this was not done for institutional safety but, rather, for the purpose of leaving Plaintiff unable to defend himself.

Plaintiff claims that on May 1, 2019, an inmate put feces in his magazine and feces outside his cell door. On May 3, 2019, inmate Moman spit on him during group. On May 10,

2019, another inmate poured urine on Plaintiff as he walked by, escorted by Defendant Holocher. On June 15, 2019, inmates Minor and Stevenson threatened to beat him to death when he got out of segregation.

Plaintiff infers, without identifying the basis for this belief, that all of these actions were in response to Defendants Eskins, Quinn, Wright, Holocher, Green, Miller and Meister allegedly identifying him as a snitch. It is clear that if Defendants have done as claimed, they could have placed Plaintiff at risk. *See Glover v. Schraufnagel*, No. 14-864, 2017 WL 3835341, at *2 (W.D. Wis. Aug. 31, 2017), *aff'd,* 720 Fed. Appx. 312 (7th Cir. 2018). "[T]he Seventh Circuit has acknowledged that 'it's common knowledge that snitches face unique risks in prison.'" Labeling Plaintiff a snitch and thereby "provok [ing] or persuad[ing] other inmates to cause harm to a plaintiff" violates the Eighth Amendment. *Green v. Goodwin*, No. 14-1364, 2015 WL 196428, at *4 (S.D. Ill. Jan. 14, 2015) citing *Irving v. Dormire,* 519 F.3d 441, 449 (8th Cir. 2008) ("officer's attempt to have other inmates attack plaintiff may violate Eighth Amendment, even where the plaintiff was not actually assaulted").

Here, however, Plaintiff asserts only that Defendants identified him as a snitch to certain inmates and that other inmates subsequently harmed him or threatened to do so. Plaintiff does not affirmatively claim that the inmates who acted did so due to Defendants' characterization of him. Plaintiff does not claim, for instance, that the inmates who harmed or threatened harm, told him it was because they believed him to be a snitch. Likewise, Plaintiff does not assert that he previously had a peaceful relationship with these inmates who had now turned against him. In other words, Plaintiff fails to plead a direct cause and effect between the alleged statements of Defendants Eskins, Quinn, Wright, Holocher, Green, Miller and Meister and the actions of the

4

identified inmates. Plaintiff will be given an opportunity, however, to replead this claim within 30 days.

As to the tainted food, Plaintiff makes the bare claim that on May 17, 2019, Defendant Wagner gave him "a tainted-liquidy breakfast tray that made him ill." Plaintiff provides no detail as to how the food was tainted, whether the Officer knew it was tainted, the nature of the illness he experienced and why he believed the illness was related to the food. The mere fact that food might contain a contaminant is not evidence deliberate indifference. *Miles v. Konvalenka*, 791 F. Supp. 212, 214 (N.D. Ill. 1992) (alleging the finding of a dead mouse in a food tray was insufficient to plead deliberate indifference on the part of the defendants). Furthermore, the pleading of a single prior incident does not establish a harm occurring at the time the complaint was filed, so as to come under the imminent danger exception. *Ciarpagini,* 352 F3d at 330. This claim is DISMISSED.

Plaintiff's claims that he wrote unanswered grievances to Defendants Kennedy, Cox and Simpson also fails to allege imminent danger of serious physical injury. The claims that Defendants Green Holocher, Henson, Wright confiscated potential weapons from Plaintiff's cell are also DISMISSED, as are all remaining claims.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion to proceed IFP [7], is GRANTED pursuant to 28 U.S.C. Section 1915(b)(1). The clerk is directed to assess a partial filing fee and enter the standard order directing the institution at which Plaintiff is held to deduct the filing fee on a monthly basis until it is paid in full.

2. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims against Defendants Eskins, Quinn, Wright, Holocher, Green,

Miller and Meister. The pleading is to be captioned Amended Complaint and is to identify Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff is not to replead any other claims which have been dismissed. If he wishes to proceed on these claims, he must file a separate action with responsibility for prepayment of the $400 filing fee.

3. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. All other Defendants are DISMISSED.

4. Plaintiff files [5], a Motion for Change of Venue and Substitution of Judge. Plaintiff asserts that the Court, as well as Judges Myerscough, Shadid, Judge McDade and Baker of the Central District of Illinois, have previously dismissed his claims. Plaintiff fails, however, to allege any bias and [5] is DENIED.

5. Plaintiff files [6], an Urgent Motion requesting a copy of his complaint and the attached exhibits. Plaintiff is reminded that it is his responsibility to keep copies of all his filings in this case. The clerk is directed, this time only, to provide Plaintiff a copy of his 28-page complaint at no charge. In the future, should Plaintiff seek additional documents, he will be charged $.10 per page for the photocopying.

6. Plaintiff files [10], an emergency notice and motion for status update. He includes with the filing, a renewed motion for change of venue and substitution of judge. To the extent that [10] request a status update, it is rendered MOOT by this order. [10] is otherwise DENIED.

7/23/2019
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE